PIPPIN v. SIMMONS et al.   (No. 5709.)

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1917. Rehearing Denied Feb. 28, 1917.)

ADVERSE POSSESSION ⬤⇒85(4) — EVIDENCE — PERMISSIVE TENANCY.

In trespass to try title claimed under the ten-year statute of limitation, the defense being permissive tenancy under defendant, evidence *held* sufficient to show such tenancy.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 313, 503, 688.]

Appeal from District Court, McLennan County; E. C. Street, Judge.

Action by Duard Pippin, administrator, against H. H. Simmons and others. From judgment for defendants, plaintiff appeals. Affirmed.

Sleeper, Boynton & Kendall, of Waco, for appellant. Williams & Williams, of Waco, for appellees.

JENKINS, J. This is an action of trespass to try title, brought by Duard Pippin, administrator of the estate of H. L. Brown, deceased, against Lucy Ann Brown, H. H. Simmons, Guy McNamara, and J. W. Brinegar, to recover about 23 acres of land. Defendants Simmons, McNamara, and Brinegar filed disclaimers. Lucy Ann Brown and Austin Brown, deceased, were negroes. H. L. Brown was the illegitimate son of Austin Brown. Austin Brown purchased about 53 acres of land, of which the land in controversy is a part, while he and Lucy Ann Brown were living together as man and wife. Subsequently they were divorced. The court found that the land in controversy was community property, and appointed commissioners to divide the same. The commissioners divided the 53-acre tract, setting apart the land in controversy to Austin Brown, deceased, but they never made any report as to this partition,

and no further action was ever taken in the divorce case. Austin Brown, for several years prior to his death, returned to Lucy Ann Brown, and they lived together as they had prior to the divorce suit. After the death of Austin Brown, H. L. Brown held possession of the land in controversy for about twelve years and until his death. After his death Lucy Ann Brown, through her tenant, took possession of the land, and was so holding the same at the time this suit was tried. The appellant herein alleged that H. L. Brown, deceased, was the owner of said land under the ten-year statute of limitation. Lucy Ann Brown alleged that H. L. Brown held under her as life tenant.

The case was submitted upon special issues. In response to the same the jury found that there was not a common-law marriage between Lucy Ann Brown and Austin Brown, deceased, after they were divorced. They also found that H. L. Brown, deceased, did not have adverse possession of the premises sued for for a period of ten years prior to his death. Special issue No. 3, submitted to the jury, was as follows:

"Did H. L. Brown during his lifetime have and hold peaceable and adverse possession of the premises sued for for a period of ten years prior to his death, cultivating, using, and enjoying the same?"

In connection with this issue the court charged the jury as follows:

"You are further instructed in connection with and explanation of special issue No. 3 that if you should find from the evidence that H. L. Brown, deceased, went into possession of the property in controversy under and in pursuance of an agreement, if any, entered into with those legally entitled to the possession of said property to the effect that he would remain thereon only during his natural life, then if you so find your answer to special issue No. 3 must be 'No,' unless you find that at a time ten years prior to the death of said H. L. Brown he repudiated such agreement, if any, and held said property as his own."

To this question the jury answered "No," the effect of which is to sustain the allegation of Lucy Ann Brown that H. L. Brown went into possession of said property as her tenant for life. The evidence is sufficient to sustain this finding. Lucy Ann Brown testified that after Austin Brown's death she and her son Burrell Thompson and Frank Harrell got together and made an agreement, whereby Harrell agreed to rent the property for $100, and that she and H. L. Brown agreed to divide this rent, she giving him a part of the rent in order that he would pay the taxes, and pay off a mortgage on some mules; that she afterwards agreed that he should live on the place as long as he lived, and that he was to pay her rent from time to time, which he did; that for the last four or five years of his life he was an invalid, and that she did not demand that he pay any rent. That during the last four or five years of his life he was virtually blind, and had to be cared for,

═══════

and that she took care of him and helped him in every way that she could, and that he spent much of his time with her, but lived in the house on the land in controversy. Burrell Thompson, a son of Lucy Ann Brown, corroborated this testimony, and stated that his mother gave H. L. Brown the place upon the agreement that he should have a home on it as long as he lived on the place; that H. L. Brown paid rent to his mother. J. M. Polk testified that H. L. Brown, deceased, told him that he had the place only for his lifetime, and that if he wanted to buy it, he would have to see his mother, referring to Lucy Ann Brown, whom he called Mother.

Appellant submits this proposition:

"Prior possession of land raises a presumption of title in the occupant, and is sufficient proof of title for recovery against a trespasser, especially where possession is taken by force by the defendant."

This doctrine has no application where, as in the present case, the prior possession was as the tenant of the party who takes peaceable possession after the expiration of the tenancy.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.